SHARP, W., J.
John David Crockett appeals from the trial court’s order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, which alleges three instances of ineffective assistance of trial counsel. We reverse and remand for further proceedings.
The trial court denied relief below on the ground that Crockett’s motion is successive. However, it failed to include any corroborating attachments of prior Rule 3.850 motions or prior trial court orders denying them. In its response, the state alleges that Crockett filed two earlier versions of the Rule 3.850 motion at issue, but one was stricken for failure to complete a required form and the other was denied as legally insufficient but without prejudice to refíle one which was legally sufficient.
That appears to be what Crockett has done in this instance. The state admits he has sufficiently pled claims of ineffective assistance of trial counsel: that counsel failed to object to the lack of a factual basis for his plea, that counsel failed to argue there was no evidence he used a weapon in committing the alleged armed robbery, and that counsel failed to object to the use of a prior misdemeanor instead of a felony as a predicate offense in habitu-alizing him. The trial court did not attach parts of the record to refute his claims on the merits and the prior orders referenced above were clearly not rendered on the merits.
Accordingly, we reverse and remand to the trial court to attach portions of the record which demonstrate that this motion is successive because the allegations were previously addressed by the trial court on the merits, or to attach portions of the record refuting his allegations on the merits, or to conduct an evidentiary hearing on these allegations. See Ellis v. State, 800 So.2d 761 (Fla. 5th DCA 2001). See also State v. McBride, 848 So.2d 287, 2003 WL 21088088 (Fla. May 15, 2003).
REVERSED and REMANDED.
PLEUS and ORFINGER, JJ„ concur.